NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARIO GURROLA; FERNANDO
HERRERA,

Plaintiffs-Appellants,

v.

DAVID DUNCAN, in his official capacity as
director of the California Emergency
Medical Services Authority; et al.,

Defendants-Appellees.

No.    21-15414

D.C. No.
2:20-cv-01238-JAM-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 11, 2022
San Francisco, California

Before:  GOULD, BENNETT, and R. NELSON, Circuit Judges.

This appeal arises from the dismissal of Appellants' complaint at the

pleading stage after Appellees moved to dismiss under Federal Rule of Civil

Procedure 12.  Appellants are individuals with felonies challenging two California

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

felony bans for EMT ("emergency medical technician") certification, foreclosing individuals with recent or multiple felonies from qualifying for the EMT certification necessary to become a firefighter. Appellants are formerly incarcerated individuals who, while imprisoned, worked in fire camps fighting fires for the state of California. After release from incarceration, Appellants sought to become full-time firefighters but were barred from receiving EMT certification under California's felony bans. Appellants filed suit in the California district court seeking to enjoin California's EMS ("emergency medical services") agencies from enforcing the felony bans as unconstitutional. At the pleading stage, the district court dismissed Appellants' complaint.

We review the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *Fowler Packing Co. v. Lanier*, 844 F.3d 809, 814 (9th Cir. 2016).

The parties agree that their claims are governed by rational basis review. Under rational basis review, the question before us is whether the felony bans on EMT certification are "rationally related to a legitimate state interest." *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985).

The regulations at issue, 22 Cal. Code Regs. § 100214.3(c)(3), (6), state, in essence, the medical director shall deny or revoke an EMT certificate if the applicant: (a) has been convicted of two or more felonies; or (b) has been convicted of a felony offense and released within the preceding ten years.

2

Appellees argue that these two felony bans are rationally related to fitness to be an EMT because

> EMTs have access to prescription medication, including narcotics. They use sharp objects and have ready access to them. At times they take actions that make the difference between life and death. They deal with people when they are most vulnerable and at their worst due to pain, high emotions, and confinement during transport.

Appellants make two arguments challenging the rationality of the felony bans. First, Appellants contend that the felony bans "irrationally discriminate between two similarly situated groups: people without felony convictions seeking EMT certification and people with felony convictions seeking EMT certification." Second, Appellants assert that the felony bans "violate the Due Process Clause because they restrict certification based on criteria that are not rationally related to fitness for certification."

We reject Appellants' arguments because we have long held that "[r]egulations on entry into a profession, as a general matter, are constitutional if they have a rational connection with the applicant's fitness or capacity to practice the profession." *Dittman v. California*, 191 F.3d 1020, 1030 (9th Cir. 1999) (alteration in original) (citation and quotation marks omitted).

In light of the responsibilities of an EMT, the felony bans are rationally related to fitness. Felonies, especially recent ones, reasonably call into question a person's moral character. "A state may require good moral character as a qualification for

entry into a profession, when the practitioners of the profession come into close contact with patients or clients." *Id.* at 1032. There are no more potentially vulnerable patients than those who are involved in the medical emergencies to which EMTs respond. Additionally, the wisdom in the state legislature's decision to impose certain restrictions on entry to a profession is not for courts to judge. *See id.* "For in the end, it is for the legislature, not the courts, to balance the advantages and disadvantages of" the felony bans. *Id.* (citation and quotation marks omitted). Given the rational relationship between the felony bans and fitness to be an EMT, as well as the deference given to a state legislature's restrictions, we conclude that California's felony bans should be sustained under rational basis review and reject the challenge to the felony bans.

**AFFIRMED.**